ROBERT HAMPARYAN (SBN 181934)
HOEY & MORGAN, LLP
4275 Executive Square, Suite 200
La Jolla, CA 92037
Telephone: (858) 550-1002
Facsimile: (858) 550-2043

Attorneys for Plaintiff
TRAE SCUNCIO

FILED
08 APR -3 AM 9: 46
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 0611 JLS CAB

| | |
|---|---|
| TRAE SCUNCIO, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES POSTAL SERVICE, and DOES 1 through 10, inclusive, <br><br> Defendants. | General Civil Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> JURY TRIAL DEMANDED |

## JURISDICTION

1. This is an action brought under 28 U.S.C. §2671 et seq. to recover damages against the UNITED STATES POSTAL SERVICE for plaintiff's injuries caused by the negligent operation of a government vehicle utilized by a United States Postal Service employee, ANNIE WONG-SONG, while acting within the course and scope of her employment.

2. The jurisdiction of this Court is predicated on 28 U.S.C. §1346(b).

3. A substantial part of the events giving rise to this action occurred in San Diego County, California. Venue is therefore proper under 28 U.S.C. §1391(b).

## PARTIES

4. TRAE SCUNCIO ("Plaintiff") is, and at all times herein mentioned was, a citizen of the United States and a resident of San Diego County, State of California.

5. Defendant UNITED STATES POSTAL SERVICE ("USPS") is a party and is being sued by virtue of it employing ANNIE WONG-SONG, who, at all times relevant herein, was a U.S. Postal Service employee, acting within the course and scope of her employment at the time of the incident giving rise to this action.

6. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-10, inclusive and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each fictitiously named defendant is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by their acts.

7. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants sued herein as DOES 1-10 was the agent and employee of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

## GENERAL ALLEGATIONS

8. On or about April 5, 2006, plaintiff was driving eastbound on Top Gun Street, west of Viper Way in San Diego County. As plaintiff traveled eastbound, Ms. Wong-Song was also traveling eastbound on Top Gun Street and was also west of Viper Way.

9. Viper Way is a northbound/ southbound road and intersects with Top Gun Street as a "T-intersection" on the south side of Top Gun Street. There is a stop sign for Viper Way, but no stop sign for motorists on Top Gun Street.

10. While plaintiff was driving eastbound, Ms. Wong-Song began to turn right at Viper Way and abruptly made a left turn in front of plaintiff's vehicle, and did so without warning and without ensuring that such a turn could be made safely. At the same time and place, Ms. Wong-Song was driving a vehicle owned by USPS with the express and/or implied permission and consent of USPS.

11. At said time and place, Ms. Wong-Song negligently and recklessly drove the USPS vehicle so as to violently collide with plaintiff's vehicle, causing plaintiff's injuries.

12. On or about December 11, 2007, plaintiff filed a tort claim with the Accident Investigation Unit of the US Postal Service, pursuant to the Federal Tort Claims Act. Plaintiff's claim was never formally denied, and as such is denied by operation of law. Plaintiff's claim is attached as exhibit 1.

## FIRST CAUSE OF ACTION

CLAIM FOR DAMAGES UNDER 28 U.S.C. §2671 ET SEQ. FOR NEGLIGENCE OF A GOVERNMENT EMPLOYEE ACTING WITHIN THE COURSE AND SCOPE OF EMPLOYMENT

(*BY PLAINTIFF AGAINST DEFENDANT UNITED STATES POSTAL SERVICE*)

13. Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 12 as if more fully set forth herein.

14. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, defendant employed Annie Wong-Song as a USPS employee, and she was employed in such capacity at the time of the incident that is the subject of this suit.

15. Plaintiff is further informed and believes, and thereon alleges, that Ms. Wong-Song was driving a USPS vehicle while on-duty in the course and scope of her employment as a USPS employee, and proceeded eastbound on Top Gun Street in such capacity at the time of this incident.

16. Ms. Wong-Song's negligent operation of a USPS vehicle resulted in plaintiff's injuries and vehicle damage as a result of the collision. As a direct and proximate result of the negligence and carelessness of defendant, and each of them, and the resulting accident as above alleged, Plaintiff was injured in her health, strength, and activity, sustaining severe injuries to her body and shock and injury to her nervous system and person, all of which have caused and continue to cause her great mental and physical pain and suffering. Plaintiff is informed and believes and on that basis alleges that the injuries will result in some permanent disability to Plaintiff, all to her detriment in amounts which will be shown according to proof

17. As a further direct and proximate result of the negligence and carelessness of defendants, and each of them, plaintiff was required to employ, and continues to employ, physicians and other

health care providers to examine, treat and care for her, and did and continues to incur medical and incidental expenses which will be shown according to proof.

18. As a further direct and proximate result of the negligence and carelessness of defendants, and each of them, Plaintiff was prevented from attending to her usual profession thereby incurring lost earnings and loss of earning capacity all to her further damage.

## SECOND CAUSE OF ACTION

CLAIM FOR DAMAGES UNDER 28 U.S.C. §2671 ET SEQ. FOR NEGLIGENT SUPERVISION AND TRAINING OF A GOVERNMENT EMPLOYEE ACTING WITHIN THE COURSE AND SCOPE OF EMPLOYMENT

*(BY PLAINTIFF AGAINST DEFENDANT UNITED STATES POSTAL SERVICE)*

19. Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 18 as if more fully set forth herein.

20. Plaintiff was injured as a direct and proximate result of the negligent driving of a USPS employee acting within the course and scope of her employment.

21. Defendant USPS failed to provide adequate training and supervision to its employees who operate government vehicles on public roadways, thereby allowing their employee to negligently and recklessly cause a collision. Defendant knew, or should have known, that the negligent and reckless operation of a USPS vehicle would result in injuries to other motorists and potentially to pedestrians.

22. Defendant USPS failed to provide training and instruction on how to operate a government vehicle that makes frequent stops and is operated daily on public roadways. The USPS vehicles have unique control placement and require specialized training to properly and safely operate the vehicle on public roadways. USPS failed to provide such training and supervision to its employees, resulting in plaintiff's injuries claimed in the present case.

23. As a direct and proximate result of the negligence and carelessness of defendant, and each of them, and the resulting accident as above alleged, Plaintiff was injured in her health, strength, and activity, sustaining severe injuries to her body and shock and injury to her nervous system and person, all of which have caused and continue to cause her great mental and physical pain

and suffering. Plaintiff is informed and believes and on that basis alleges that the injuries will result in some permanent disability to Plaintiff, all to her detriment in amounts which will be shown according to proof.

24. As a further direct and proximate result of the negligence and carelessness of defendants, and each of them, plaintiff was required to employ, and continues to employ, physicians and other health care providers to examine, treat and care for her, and did and continues to incur medical and incidental expenses which will be shown according to proof.

25. As a further direct and proximate result of the negligence and carelessness of defendants, and each of them, Plaintiff was prevented from attending to her usual profession thereby incurring lost earnings and loss of earning capacity all to her further damage.

WHEREFORE, plaintiff prays judgment as follows:

1. For medical and related expenses according to proof;
2. For general damages according to proof;
4. For costs of suit and attorneys' fees herein incurred; and
5. For such other and further relief as the court may deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated: April 2, 2008

HOEY & MORGAN, LLP

By: /s/ Robert Hamparyan
ROBERT HAMPARYAN
Attorneys for Plaintiff

COMPLAINT - 5

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

       # 149355      - KD

        April 03, 2008
          09:42:04


       Civ Fil Non-Pris
USAO #.: 08CV0611
Judge..: JANIS L. SAMMARTINO
Amount.:                $350.00 CK
Check#.: BC 2369


       Total-> $350.00


FROM: CIVIL FILING
      SCUNCIO V. US POSTAL SERVICE
```

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TRAE SCUNCIO, an indivudual,

(b) County of Residence of First Listed Plaintiff: **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert Hamparyan; Hoey & Morgan, LLP; 4275 Executive Square, Suite 200, La Jolla, CA 92037; 858-550-1002

## DEFENDANTS
UNITED STATES POSTAL SERVICE, and DOES 1 through 10, inclusive

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
**08 CV 0611 JLS CAB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sec. 2671 et seq.

Brief description of cause:
US Postal Service employee's negligent driving collided with plaintiff's vehicle.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 04/02/2008
SIGNATURE OF ATTORNEY OF RECORD: *Robert H[...]*

**FOR OFFICE USE ONLY**
RECEIPT # 149345  AMOUNT $350  APPLYING IFP 4/3/08  JUDGE _____  MAG. JUDGE _____

CR