```
 1  KAREN P. HEWITT
    United States Attorney
 2  DAVID B. WALLACE
    Assistant U.S. Attorney
 3  California State Bar No. 172193
    United States Attorney's Office
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557-5049

 6  Attorneys for Defendant
    United States of America
 7
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAE SCUNCIO, ) | Civil No. 08cv0611-JLS(CAB) |
| ) | |
| Plaintiffs, ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF |
| v. ) | MOTION TO DISMISS |
| ) | |
| ) | Date: September 25, 2008 |
| UNITED STATES OF AMERICA, ) | Time: 1:30 p.m. |
| ) | Ctrm: 6 |
| Defendant. ) | |
| _____) | No Oral Argument Unless Requested by Court |

I

INTRODUCTION

This is a personal injury action brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, et seq., and arising from a motor vehicle accident involving a United States Postal Service vehicle and Plaintiff's vehicle, occurring on April 5, 2006. Plaintiff's claim is defective because this lawsuit was filed less than six months from the date on which her administrative tort claim was presented to the United States Postal Service, in contravention of the plain language of 28 U.S.C. § 2675(a). Consequently, her claims in this lawsuit must be dismissed for lack of subject matter jurisdiction.

//

//

//

//

II

ARGUMENT

A.   THE ADMINISTRATIVE CLAIM REQUIREMENT

The FTCA is a limited waiver of sovereign immunity for common law tort suits against the United States. Warren v. U.S. Dept. Of Interior Bur. Of Land Man., 724 F.2d 776, 777 (9th Cir. 1984); Caidin v. United States, 564 F.2d 284, 286 (9th Cir. 1977). A jurisdictional prerequisite to suing the United States in tort is the filing of an administrative claim with the appropriate federal agency, as required by 28 U.S.C. § 2675(a). Burns v. United States, 764 F.2d 722, 724 (9th Cir. 1985); Avery v. United States, 680 F.2d 608, 611 (9th Cir. 1982).[1/]

28 U.S.C. § 2675(a) provides:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government...unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.... The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

As a condition on a waiver of sovereign immunity, the claim requirement is "strictly enforced." House v. Mine Safety Appliances Co., 573 F.2d 609, 615 (9th Cir. 1978), overruled on other grounds, Warren, 724 F.2d at 780. Since the administrative claim requirement is jursidictional, it may not be waived, nor can the United States be estopped from asserting it as a defense. House, 573 F.2d at 614; Caidin, 564 F.2d at 286; Blain v. United States, 552 F.2d 289, 291 (9th Cir. 1977).

Once an FTCA claim is presented, the involved federal agency has six months to act. See 28 U.S.C. § 2675(a). A lawsuit which is commenced prior to the presentation of an FTCA administrative claim, or prior to the expiration of the six month period, is premature and must be dismissed. Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992). Prematurity cannot be cured by

---

[1/]   The purpose of the administrative claim requirement is,"To ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." Warren, 724 F.2d at 779, quoting FTCA legislative history.

2

1 belatedly presenting an FTCA administrative claim to the agency after suit has been filed.  <u>McNeil v.
2 United States</u>, 113 S. Ct. 1980, 1983-84 (1993).  Rather, the premature claims must be dismissed and
3 refiled after the presentation of an administrative claim and/or the expiration of the six month statutory
4 period afforded by 28 U.S.C. § 2675(a).

5       B.     <u>PLAINTIFF'S SUIT IS PREMATURE</u>

6 An FTCA administrative claim is presented to the agency for purposes of 28 U.S.C. § 2675(a)
7 when the claim is received by the agency.  <u>Drazan v. United States</u>, 762 F.2d 56, 58 (7th Cir. 1985).
8 Thereafter, the claimant must wait six months to file suit unless the agency denies the claim before the
9 expiration of the six month period, in which case suit may be filed upon the denial.  28 U.S.C. §
10 2675(a); <u>Jerves</u>, 966 F.2d at 519.

11 Here, Plaintiff's administrative claim was filed with the United States Postal Service on
12 December 11, 2007 (Complaint at ¶12).  Plaintiff's claim, thereafter, was never formally denied
13 (Complaint at ¶ 12).  The instant action, however, was for some reason filed on April 3, 2008, rather
14 than after the expiration of the six month period on June 17, 2008.  Hence, the action was filed
15 prematurely and this non-waivable subject matter defect requires dismissal.

16
17                            III
                     <u>CONCLUSION</u>

18 For the foregoing reasons, Plaintiff's claims should be dismissed due to lack of subject matter
19 jurisdiction.

20

21     DATED: August 5, 2008              Respectfully submitted,

22                                               KAREN P. HEWITT
                                              United States Attorney
23

24
                                              <i>s/David B. Wallace</i>
25                                               DAVID B. WALLACE
                                              Assistant U.S. Attorney
26                                               Email: <u>Dave.Wallace@usdoj.gov</u>
                                              Counsel for Defendant
27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRAE SCUNCIO, | ) | Civil No. 08cv0611JLJ(CAB) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    I, David B. Wallace, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of **MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    Robert Hamparyan Hoey & Morgan, LLP
    4275 Executive Square, Suite 200
    La Jolla, CA 92037

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 5, 2008

                                                        s/*David B. Wallace*
                                                        DAVID B. WALLACE